USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YADER DAVID LOPEZ AGUILAR,

Plaintiff,

-against-

GOOGLE LLC,

Defendant.

25-CV-09583 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

*Pro se* Plaintiff is Yader David Lopez Aguilar. Defendant is Google LLC ("Google"). Plaintiff's August 2025 complaint spans four paragraphs. It states Plaintiff "made investments in google Finance," has "good profits," and "decided to withdraw the profits . . . from [his] different shares," but Google is not allowing Plaintiff to do so. Dkt. No. 1-2 at 7. The complaint seeks $15 million in damages. *Id.*

Before the Court now are six motions. First, Google moved to dismiss, arguing Plaintiff has not stated a plausible claim for relief given the sparse factual allegations and failure to identify a cause of action. Dkt. No. 8. Plaintiff filed an opposition on December 22, 2025. Dkt. No. 16. It contends: "The motion should be denied because : [sic] There is compelling physical evidence demonstrating the defendant's guilt, including physical, economic, and health-related damages, which necessitate a trial to render a verdict against the defendant." *Id.* at 2. It then provides dates when Plaintiff purchased shares in META, BTC, and NFLX. *Id.*

Second, on December 19, 2025, Plaintiff moved for an order awarding Plaintiff "$5,000 per month" because he is unable to cover his basic needs and is living in a shelter. Dkt. No. 15.

Third, on December 22, 2025, Plaintiff moved to admit screenshots of his Google Finance account showing his purported shares. Dkt. No. 17.

Fourth, on December 29, 2025, Plaintiff moved for a preliminary injunction, seeking $50,000 per month so that Plaintiff "can live safely while the case is ongoing" because he has "been constantly attacked by antisocial individuals." Dkt. No. 18.

Fifth, Plaintiff moved on July 28, 2026 for a pretrial conference under Rule 16. Dkt. No. 27.

Sixth and last, on September 8, 2026, Plaintiff moved to admit a scan of a nondescript Fidelity Investments notice and additional screenshots of his Google Finance account showing his purported shares. Dkt. No. 28.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8 requires a complaint to make a short and plain statement showing that a pleader is entitled to relief. A complaint that is "so confused, ambiguous, vague[,] or otherwise unintelligible that its true substance, if any, is well disguised, fails to comply with Rule 8, and may be dismissed." *Bey v. Roc Nation LLC,* 2025 WL 2774114, at *5 (S.D.N.Y. Sept. 29, 2025)..[1]

Google has moved to dismiss under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

558. Resolving a 12(b)(6) motion, a court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). However, the Court need not accept as true conclusory allegations. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

Plaintiff is proceeding *pro se*. "[T]he submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 549 F.3d 241, 248 (2d Cir. 2006)). Additionally, "a district court deciding a motion to dismiss may consider factual allegations" a *pro se* party raises for the first time in his opposition papers. *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013). While a court must construe a *pro se* complaint liberally, such complaints nevertheless "must contain sufficient factual allegations to meet the plausibility standard." *Okoh v. Sullivan*, 441 F. App'x 813, 814 (2d Cir. 2011).

## DISCUSSION

### A. Plaintiff's Motions to Admit Supplemental Evidence

Plaintiff's December 22, 2025 motion to admit evidence (Dkt. No. 17) and Plaintiff's September 8, 2026 motion to admit evidence (Dkt. No. 28) are GRANTED. The Court will construe both as attachments to Plaintiff's opposition. *See Floyd v. Rosen*, No. 21-CV-01668, 2022 WL 1451405, at *3 (S.D.N.Y. May 9, 2022) (considering exhibits attached to *pro se* opposition).

**B. Google's Motion to Dismiss**

Google's motion to dismiss (Dkt. No. 8) is GRANTED. Plaintiff has provided a threadbare complaint that, on its face, admits of no plausible claim to relief. The complaint specifies no cause of action supporting this lawsuit. Nor does it include sufficient factual allegations to support any cause of action that the Court can discern. In the complaint, Plaintiff contends he has "good profits" in Google Finance but Google is preventing him from withdrawing those shares..[2] It nowhere explains *how* Google is doing so. Plaintiff's opposition and supplemental evidence seem to clarify that Plaintiff has shares in publicly traded companies such as Meta and Netflix that are viewable via Google Finance. Accordingly, Plaintiff seems to be claiming that Google is preventing Plaintiff from selling, via Google Finance, the shares he owns in other publicly-traded companies. These allegations do not state a legal claim. Plaintiff nowhere alleges that Google Finance is a means by which one could buy or sell securities..[3] Nor can Plaintiff state a legal claim because he would like Google to implement such a feature on Google Finance.

---

[2] The Court takes judicial notice of the fact that Google is a publicly traded company under Federal Rule of Evidence 201(b). *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005). If Plaintiff intends to allege he owns shares in Google but Google is not permitting him to sell those shares, Plaintiff has failed to allege *how* Google is preventing him from selling his shares, nor is the Court aware of any mechanism by which the issuer of publicly-traded shares could prevent a non-insider shareholder from trading such shares on the open market.

[3] The Court may take judicial notice of the content of a website whose authenticity is not in question. *See Force. v. Facebook, Inc.*, 934 F.3d 53, 59 n.5 (2d Cir. 2019) (citing *23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir. 2012)). Google Finance is not a stock brokerage service or financial institution. It is merely a financial information website, with features such as historical stock prices, market trend tracking, profiles of publicly-traded companies, financial news, personalized portfolio tracking based on user-provided information about asset holdings, and so on. Regardless, the Court would grant the motion to dismiss given its threadbare allegations, ambiguity, and failure to put Google on notice of the claim(s) against it.

To conclude, the Court may not invent factual allegations on Plaintiff's behalf. *Griffin v. Facebook*, No. 19-CV-07821 (CS), 2020 WL 5645986, at *3 (S.D.N.Y. Sept. 21, 2020). And the factual allegations Plaintiff provided do not state a claim for relief..[4] Accordingly, Google's motion to dismiss is GRANTED.

**C. The Motion for a Preliminary Injunction**

The Court construes Plaintiff's December 19, 2025 motion seeking $5,000 a month (Dkt. No. 15) as a motion for a preliminary injunction and analyzes it together with Plaintiff's December 29, 2025 motion for a preliminary injunction seeking identical relief (Dkt. No. 18). Both motions are DENIED. A preliminary injunction is "an extraordinary remedy" that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To receive this remedy, a plaintiff must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Plaintiff has not shown that he is likely to succeed on the merits given the Court cannot grasp any basis for this lawsuit or what Plaintiff's legal claim could possibly be.

**D. Plaintiff's Motion for a Rule 16 Conference**

Last, Plaintiff's motion for a Rule 16 conference (Dkt. No. 27) is DENIED. There is no need for a conference at this juncture, given the dismissal of the complaint.

[4] The supplemental evidence in Plaintiff's December 22, 2025 and September 8, 2026 letter motions (Dkt. Nos. 17, 28) does not change this conclusion because it does nothing to clarify *how* Plaintiff is contending that Google is preventing him from selling shares. The snapshots of the Google Finance pages also do not show that Google Finance has any option for selling shares. And the relevance of Fidelity Investments to Plaintiff's claims is unclear.

**E. Leave to Amend**

If a motion to dismiss succeeds, courts in this circuit ordinarily grant leave to amend a complaint. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). Given that the Court is dismissing Plaintiff's complaint because it fails to include sufficient allegations to state a claim, the Court will grant Plaintiff leave to file an amended complaint by **October 12, 2026**. Plaintiff's amended complaint must include sufficient factual allegations to explain *how* Google is purportedly preventing Plaintiff from selling shares that Plaintiff owns, and to support a potential legal claim against Google.

**CONCLUSION**

Plaintiff's motions for leave to submit supplemental evidence (Dkt. Nos. 17, 28) are GRANTED. Google's motion to dismiss (Dkt. No. 8) is GRANTED. Plaintiff's motion for monthly $5,000 payments (Dkt. No. 15), motion for a preliminary injunction (Dkt. No. 18), and motion for a Rule 16 Conference (Dkt. No. 27) are DENIED. Plaintiff may file an amended complaint on or before **October 12, 2026**, if he is able to assert sufficient factual allegations to explain his claims and support a legal claim against Google.

Dated: September 14, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge